An examination of the respective specifications fails to disclose error. The case was submitted to the jury under proper instructions as to the law.

Judgment affirmed.

## Allesio *v.* Blesh, Appellant.

*Wages of manual labor—Act of April 20, 1876.*

In a case in which it appeared that under an agreement in writing for cutting wood, plaintiffs had performed the service contracted for in part themselves, and in part by the assistance of others, and a claim filed by them for $153.25 had been sustained by a justice of the peace, and defendants had become bail upon a recognizance on appeal under the act of April 20, 1876, P. L. 43, an affidavit of defence, setting up that such a claim was not within the provisions of the said act, was held insufficient.

*Practice—Sci. fa. sur recognizance—Monthly return day in Clinton county—Act of Feb. 17, 1871.*

An affidavit of defence was held insufficient which alleged that under the act of Feb. 17, 1871, P. L. 60, establishing a monthly return day for Clinton county, a writ of scire facias sur recognizance, not being a " writ for the commencement of an action," could not be made returnable to a monthly return day.

Argued March 14, 1892. Appeal, No. 188, July T., 1891, by William Blesh et al., defendants, from judgment of C. P. Clinton Co., Feb. T., 1891, No. 24, for want of a sufficient affidavit of defence, in favor of plaintiffs, R. A. Allesio et al. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Scire facias sur recognizance of bail, on appeal from judgment of a justice of the peace.

Plaintiffs entered into a contract with McLeod & Woodley to cut and prepare wood for the manufacture of pulp. They employed other parties, who, together with the plaintiffs, performed the service for which they brought a claim for unpaid wages against McLeod & Woodley, recovering a judgment for $153.25. McLeod & Woodley appealed and defendants became bail in a recognizance conditioned for the payment of the debt, interest and costs to the amount of $350. Later the case in the common pleas was compromised and by agreement judgment was entered in favor of plaintiffs for $48.50.

Plaintiffs issued a scire facias upon the recognizance, to which defendants filed an affidavit of defence, and subsequently a supplemental affidavit in which it was alleged:

That a writ of scire facias sur recognizance of bail, on appeal from an alderman's court, cannot be made returnable at a monthly return day, but must be made returnable at some regular return day at or during a term of court. Therefore that this writ is illegal and void. [1]   This point was sought to be supported by reference to the special acts applicable to Clinton county, which were as follows: Act of April 18, 1870, P. L. 1231, applying to Clearfield, Perry and Centre counties, and providing "That every writ for the commencement of an action shall bear date on the day of the issuing thereof and may be made returnable as follows, to wit: On the first Monday of each and every month as well as the first day of each and every term of said court, except summons in partition," etc. This act was extended to Clinton county by act of Feb. 17, 1871, P. L. 60.

2. That the writ in this case was illegally and improperly issued, both in form and substance, and that it is not drawn in due form, and according to law. [2]

3. That the writ nowhere correctly stated the amount of the judgment recovered in the court of common pleas against the original defendants.

4. That the defendants in the sci. fa. were never requested to pay the original judgment, and

5. That the claim in this case was not such a claim for "wages of manual labor" as was contemplated by the act of 1876. [3]

The court made absolute a rule for judgment for want of a sufficient affidavit of defence. Defendants appealed.

*Errors assigned* were (1–3) the court's failure to sustain the points above indicated in the affidavit of defence; (4) failure to decree that the sci. fa. was void; (5) the entry of judgment.

*A. F. Ryon,* for appellants.

*T. M. Stevenson* and *H. T. Harvey,* for appellees, not heard.

Per Curiam, March 14, 1892, at bar.
Judgment affirmed.